UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CUTTER FURZE HALLEMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>UNION PACIFIC RAILROAD, *et al.*,<br><br>            Defendants. | Case No. 3:22-cv-00345-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Cutter Furze Halleman brings this action against Defendants under 42 U.S.C. § 1983. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 4), recommending that the Court grant Halleman's application to proceed *in forma pauperis* (ECF No. 1 ("IFP Application")), and dismiss the case with prejudice because Halleman failed to state any colorable claims in his Complaint (ECF Nos. 1-1, 4). Halleman's objection to the R&R was due September 7, 2022. To date, no objection has been filed. For this reason, and as explained below, the Court adopts the R&R in full.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory

Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. To start, Halleman's IFP Application will be granted because he is unable to pay the filing fee. (ECF Nos. 1, 3.) *See* 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Second, Judge Baldwin correctly found that Halleman's Complaint is incomprehensible, confusing, and contains conclusory and vague statements. (ECF Nos. 1-1, 4.) The Court is unable to identify the legal or factual basis for his claims, and the relief sought. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . [and] a demand for the relief sought"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the Court will adopt Judge Baldwin's R&R in full and dismiss the case with prejudice, as amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 4) is accepted and adopted in full.

It is further ordered that Halleman's IFP Application (ECF No. 1) is granted.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1).

It is further ordered that this case is dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 16th Day of September 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE